USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3-20-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYQUAN HASKINS,

                       Plaintiff,

-against-

THE PEOPLE OF THE STATE OF NEW YORK ET AL.,

                       Defendants.

1:17-cv-00540 (ALC)

**OPINION & ORDER**

ANDREW L. CARTER, JR., United States District Judge:

Plaintiff Tyquan Haskins brings this action pursuant to 42 U.S.C. § 1983 against Defendant retired Detective Adam Tegan alleging violation of Plaintiff's constitutional rights in connection with Plaintiff's arrest on August 25, 2016. Decl. of Rruhuja Matai-Sanchez ("Sanchez Decl.") Ex. D., ECF No. 30. Defendant now moves to the dismiss the complaint. ECF Nos. 28, 52. After careful review, Defendant's Motion, ECF No. 52, is **GRANTED**. Plaintiff request for leave to supplement his Complaint is **DENIED**.

## BACKGROUND

### I.   Statement of Facts

On August 25, 2016 Plaintiff alleges that he was arrested by two unnamed plainclothes officers who claimed that a detective from the 33rd precinct wanted Plaintiff for questioning. Sanchez Decl. Ex. D at 4.[1] Plaintiff was told that he was being arrested for Robbery in the Second Degree based on a complaint made by a complaining victim known to Plaintiff. Plaintiff alleges that he was escorted to the 33rd precinct whereupon Defendant Detective Adam Tegan "clap[ped] his hand[s] in joy as the unmark[ed] officers laugh[ed] along with" him. *Id.* at 5.

---

[1] During the Court's pre-motion conference on February 7, 2019, the Court deemed Plaintiff's January 11, 2018 letter to the Court as part of Plaintiff's Amended Complaint along with portion of the original Complaint pertaining to Defendant Tegan. *See* Sanchez Decl. Ex. A at 3:25-4:5.

1

Plaintiff asked for the reason for his arrest, but Defendant asked Plaintiff to empty his pockets at which point Defendant confiscated his two cell phones. Plaintiff alleges that Defendant stole his property (i.e., the cellphones), fabricated evidence, fabricated a "false confession," and presented false, distorted and perjured testimony to official bodies. *Id.* at 7, 63. Plaintiff also alleges that he was strip-searched and subjected to "unreasonable force." *Id.* at 7, 62.

## II. <u>Procedural History</u>

Plaintiff filed his complaint *pro se* on January 24, 2017 against Assistant District Attorneys Sophia Khan and Michelle Winters; the State of New York; and defense attorneys Gordon Ludwig, John Buza, and Michael Hurwitz in addition to Detective Tegan. ECF No. 1. On March 27, 2017, the Court dismissed the claims against all Defendants except Detective Tegan on immunity grounds pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (iii). ECF No. 9. On June 15, 2017, Plaintiff filed a Personal Injury Claim Form with the New York City Comptroller's Office in connection with a slip and fall during a basketball game while Plaintiff was incarcerated at Rikers Island. Decl. of J. Raymond Mechmann ("Mechmann Decl.") Ex. G, ECF No. 53. Plaintiff, who was represented by counsel, ultimately settled the claim with the city for $3500 and signed an agreement on September 21, 2017 that released the City of New York and all its past and present employees from any and all claims that preceded the date of the release (hereinafter the "Release"). Mechmann Decl. Ex. H at 2, ECF No. 53. On April 25, 2018, Defendant moved to dismiss this case, ECF No. 28, but at the time was not aware of the terms of the Release. ECF No. 49. After discovering the settlement, Defendant was granted to leave to file a second motion to dismiss based on the Release, ECF No. 50, which Defendant filed on November 7, 2018. ECF No. 52. The Court now considers both of Defendant's Motions to Dismiss.

## STANDARD OF REVIEW

### I.    Federal Rules of Civil Procedure 12(d)

Under Fed. R. Civ. P. 12(d), "if, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *See Carter v. Ponte*, No. 17-CV-1830 (VSB), 2018 WL 4680995, at *3 (S.D.N.Y. Sept. 28, 2018) ("A court properly converts a motion to dismiss into a motion for summary judgment when 'a motion to dismiss relies on matters outside the pleadings.'") (citing *Muhammad v. Schriro*, No. 13-cv-1962 (PKC), 2014 WL 4652564, at *3 (S.D.N.Y. Sept. 18, 2014)) (*Parada v. Banco Industrial De Venezuela, C.A.*, 753 F.3d 62, 67–68 (2d Cir. 2014)).

For a court to convert a motion to dismiss into a motion for summary judgment pursuant to Fed R. Civ. P. 12(d), two requirements must be met. First, the court must provide "notice to the parties before converting a motion to dismiss pursuant to Rule 12(b)(6) into one for summary judgment." *Gurary v. Winehouse*, 190 F.3d 37, 43 (2d Cir. 1999). "Courts in the Eastern and Southern Districts of New York have repeatedly concluded that providing the notice called for by Local Civil Rule 12.1, particularly when coupled with an evidentiary submission by the non-moving party, constitutes adequate notice that a motion to dismiss may be converted to one for summary judgment, even without further instruction from the Court." *Edo v. Martiny*, No. 15-CV-202 (CBA), 2016 WL 7839337, at *3 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, No. 15CV202CBASMG, 2017 WL 785653 (E.D.N.Y. Mar. 1, 2017) (collecting cases).

Second, the court must give parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). A conversion, however, is "governed by

principles of substance rather than form. The essential inquiry is whether the appellant should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985). Therefore, where both parties have filed exhibits, affidavits, depositions, and other material outside of the pleadings in support of or in opposition to a motion to dismiss, they cannot "complain of lack of a reasonable opportunity to present all material relevant to a motion for summary judgment." *Id.*

## II. Summary Judgment

Per Fed. R. Civ. P. 56, summary judgment is proper where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). There is no issue of material fact where the facts are irrelevant to the disposition of the matter. *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, 967 F. Supp. 2d 756, 761 (S.D.N.Y. 2013); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (holding that a fact is material if it would "affect the outcome of the suit under governing law"). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Courts may not assess credibility, nor may they decide between conflicting versions of events because those

4

matters are reserved for the jury. *Jeffreys v. City of New York*, 426 F.3d 549, 553-54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Id.* (quoting *Anderson*, 477 U.S. at 252).

At summary judgment, the moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'Ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). "[I]n cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Brady v. Town of Colchester*, 863 F.2d 205, 210-11 (2d Cir. 1988) (citations omitted). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted). "More specifically, it must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal citations and quotation marks omitted).

### III. *Pro Se* Litigant

*Pro se* litigants faced with summary judgment motions are to be granted a "special solicitude." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988). Practically speaking, "[c]ourts read the pleadings, briefs, and opposition papers of *pro se* litigants liberally and interpret them to raise the strongest arguments that they suggest." *Carter*, 2018 WL 4680995, at *4 (collecting cases). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

471, 477 (2d Cir. 2006) (citing *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). And, "a *pro se* party's 'bald assertion[s],' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment. *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995), *on reconsideration*, 26 F. Supp. 2d 615 (S.D.N.Y. 1998) (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

## DISCUSSION

### I. Conversion to Summary Judgment

The Court holds that Plaintiff had sufficient notice that Defendants' Second Motion to Dismiss, ECF No. 52, could be converted into a motion for summary judgment and had a reasonable opportunity to present all material that is pertinent to the motion. In Defendants' Second Motion to Dismiss, ECF No. 54, Defendants' served Plaintiff notice pursuant to Local Civil Rule 12.1 when Defendants argued that the Court had the option of either taking judicial notice of the Release or to convert the motion to dismiss into one for summary judgment to consider the Release. Plaintiff reviewed Defendants' memorandum of law but did not challenge Defendants' assertion. Instead, to counter Defendants' reliance on the Release, Plaintiff submitted his opposition, which included a number of exhibits to support Plainitff's claim that the Release should not bar his Complaint. ECF Nos. 55-56. Courts have routinely held that where Defendants have served notice consistent with Local Civil Rule 12.1, and Plaintiff has submitted additional materials outside the pleading in response to a motion to dismiss, conversion is appropriate. *Carter*, 2018 WL 4680995, at *4 (collecting cases). As such, the Court will convert Defendants' Second Motion to Dismiss as a Motion for Summary Judgment.

## II. General Release

Defendant argues that Plaintiff's Complaint is barred by the Release warranting summary judgment. Def.'s Second Mot. Dismiss 5, ECF No. 54. The Court concurs. "It is well established that settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Tromp v. City of New York*, 465 F. App'x 50, 51 (2d Cir. 2012) (citation omitted). "A release is a species of contract and is governed by principles of contract law." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 514 (2d Cir. 2001). "Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." *Staples v. Officer Acolatza*, No. 14CV3922, 2016 WL 4533560, at *2 (S.D.N.Y. Mar. 9, 2016) (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998)).

"Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden" to a plaintiff "to show that there has been fraud, duress or some other fact which will be sufficient to void the release." *Centro Empresarial Cempresa S.A. v. Am. Movil, S.A.B. de C.V.*, 17 N.Y.3d 269, 276 (2011) (citing *Fleming v. Ponziani*, 24 N.Y.2d 105, 111 (1969)). "Notably, a release may encompass unknown claims, including unknown fraud claims, if the parties so intend and the agreement is fairly and knowingly made." *Muhammad v. Schriro*, No. 13-CV-1962 PKC, 2014 WL 4652564, at *4 (S.D.N.Y. Sept. 18, 2014) (citation omitted).

The Court holds that Plaintiff knowingly and voluntarily signed the Release, and the Release was clear and unambiguous; as a result, the present action must be dismissed. Plaintiff raises three objections to the applicability of the release: (1) Defendant is precluded from raising the Release as an affirmative defense because it was not done so in a timely manner; (2) Plaintiff

and his counsel did not reach a "meeting of the minds" regarding the nature of the Release prior to Plaintiff signing the Release; and (3) Plaintiff had diminished mental capacity and poor vision at the time Plaintiff signed the Release, and has poor reading comprehension abilities. Pl.'s Opp. Def.'s Second Mot. Dismiss 4-6, ECF No. 55. The Court will consider each argument in turn.

At the outset, Defendant does not assert the Release as an affirmative defense. Rather, Defendants' claim the release provides a basis for dismissing Plaintiff's Complaint for failure to state a claim per Fed. R. Civ. P. 12(b)(6) or for summary judgment. Hence, Plaintiff's argument is inapplicable, and the Court can consider the Release. Next, as to Plaintiff's argument that he and his counsel did not reach a meeting of the minds, the Court interprets this to mean that Plaintiff's counsel did not relay to him that the Release would apply to the case at bar. Plaintiff's misunderstanding of the contract without more, however, does not bar the Court from enforcing the Release.

When considering "unambiguous contracts, a party's subjective intent and understanding of the terms is irrelevant." *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012). And in the absence of "fraud, duress, undue influence, or some other valid legal defense," Courts hold releases to be enforceable even if a party's subjective understanding of the differed from the unambiguous terms of a release. *Staples*, 2016 WL 4533560, at *3 (collecting cases). Here, there is no ambiguity as to the terms of the release which states that Plaintiff "voluntarily, knowingly, and willingly releases and forever discharges the City of New York, and all past and present officials, [an] officers . . . from any and all liability, claims, or rights of action alleging a violation of civil rights . . . which [Plaintiff] . . . had, now has or hereafter can, shall, or may have . . . through the date of this RELEASE." Mechmann Decl. Ex. H at 2, ECF No. 53. Plaintiff counters that he reasonably assumed that the Release only applied to the

personal injury claim given the "clam number and plaintiff name" he saw on the Release, but his incorrect interpretation of the Release does not vitiate that the content was unambiguous. Pl.'s Opp. Def.'s Second Mot. Dismiss 6, ECF No. 55. Thus, Plaintiff's misunderstanding of the scope of the Release does prohibit its enforcement. *HOP Energy, L.L.C.*, 678 F.3d at 162.

Furthermore, Plaintiff's assertion that he signed the release because of the undue influence of his counsel is conclusory at best. ECF No. 59. Plaintiff provides no evidence that any influence was exerted on him by counsel. Indeed, he claims that he signed the release *outside the presence of counsel*, and allegedly relied on the notary for the meaning of "general release." ECF No. 58. These facts do not suggest there was any undue influence exerted on Plaintiff to sign; in fact, it appears he was free to do as he pleased. Plaintiff's alleged conversation with the notary about the content of the release is irrelevant because it has no bearing on whether Plaintiff's *counsel* exerted undue influence or misinformed Plaintiff about the content of the Release.

To the extent Plaintiff claims that counsel did not speak to him about the Release, Plaintiff provides no factual support for this either. Plaintiff's counsel clearly helped draft his complaint, she transmitted his executed Release to the Office of the Comptroller, and he accepted the settlement payment from the City. The Court has difficulty accepting that Plaintiff engaged in this multi-step process without any communication with counsel. Plaintiff's position is further undercut because prior to this proceeding it does not appear that Plaintiff raised any issues with his personal injury counsel's alleged inadequate communication or undue influence in securing the settlement.

Plaintiff's final contention that he has poor reading comprehension, and that he suffered from mental health issues and poor vision at the time of signing the Release also does not bar its

enforcement. Plaintiff relies on *Smith v. New York*, No. 12-CV-4851-ERK-LB, 2014 WL 6783194, at *6 (E.D.N.Y. Dec. 2, 2014). In *Smith*, the district court declined to enforce a release similar to the case a bar because, *inter alia*, New York City Corporation Counsel was aware of the plaintiff's longstanding mental health diagnoses, including chronic paranoid schizophrenia, and that the plaintiff had recently retained counsel, yet Corporation Counsel still had the plaintiff sign a release without the aid of counsel. *Id.* at 1, 5-6. The Court also noted that the plaintiff also had the reading comprehension of an eight-year-old, raising further concerns. *Id.* at 5. Plaintiff claims that like the plaintiff in *Smith*, he suffers from mental health disorders as well as poor vision and has poor reading comprehension. Plaintiff provided medical records to support his claims, but unlike the plaintiff in *Smith*, Plaintiff in the instant case has no clear mental disorder diagnosis. Decl. of Tyquan Haskins ("Haskins Decl.") Ex. J-K, N, ECF No. 56.

For example, in Plaintiff's medical records dated October 20, 2016, the "subjective" section, which reflect Plaintiff's self-reports, indicate that he informed the doctor that he suffers from mental health conditions including schizophrenia and depression. Haskins Decl. Ex. J at 1, ECF No 56. Despite his self-reports, there is no evidence in the record that any medical professional concluded that Plaintiff suffered from a specific mental health disorder or that they agreed with Plaintiff's mental health self-assessment. Similarly, in records dated September 27, 2016, Plaintiff reported that he was treated for mental health issues at Rikers in the past, but it is also noted that there was no apparent history of prior psych related admissions. Haskins Decl. Ex. N at 1, ECF No 56. In fact, in filling out the narrative assessment form, Plaintiff indicated that he does have mental illness, but that it did not cause "marked difficulties in social functioning" or "deficiencies resulting in failure to complete tasks." *Id.* at 3. Additionally, the

mental status examination indicated that Plaintiff had a "spontaneous, organized, relevant, goal directed" thought process and had no perceptual distortions or memory impairment. *Id.* at 5.

Though Plaintiff may have or may have had mental health issues, it does not appear that, at the time of the signing, the issues were serious enough to impair Plaintiff's ability to understand the terms of the Release. Moreover, unlike *Smith*, Plaintiff was represented by counsel throughout his personal injury case, including the negotiation of the Release as evidenced by Plaintiff's counsel's letter transmitting the executed Release. Mechmann Decl. Ex. I at 2, ECF No. 53. While the Court acknowledges that Plaintiff's reading comprehension skills are limited, the totality of the facts and circumstances do not indicate that Plaintiff could not comprehend the terms of the Release, especially where his counsel aided in securing the settlement. Based on the preceding analysis, the Release is unambiguous and was voluntarily executed, thus, the Court will enforce the Release. Accordingly, Plaintiff's claims in this case are barred and summary judgment must be granted to Defendants. As summary judgment is granted to Defendants based on the Release, Defendants' First Motion to Dismiss for Plaintiff's failure to state a claim is denied as moot.

### III. Leave to Amend to Supplement Complaint

Finally, Plaintiff seeks to supplement his Complaint to speak to the Release. "An application for leave to file a supplemental pleading, is addressed to the discretion of the court, and permission should be freely granted where such supplementation will promote the economic and speedy disposition of the controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any other party." *Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir. 1989). In the pro se context, the Second Circuit has held that courts should generally not dismiss "a complaint without granting the plaintiff leave to amend," however

"leave to amend is not necessary when it would be futile." *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

There is no indication that granting Plaintiff leave would be anything but futile: the Release is broad and covers the time period in which Plaintiff suffered his alleged constitutional injuries. Plaintiff was given an opportunity to respond to Defendant's arguments, but no argument or document provided in connection with that response leads the Court to believe there is a basis for disregarding the Release. Therefore, the Court will exercise its discretion and deny Plaintiff's request to supplement the pleadings due to futility.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 52, is converted into a Motion for Summary Judgment is **GRANTED**; Plaintiff is denied leave to supplement his Complaint. Defendants' Motion to Dismiss for failure to state a claim is denied as moot. ECF No. 28.

**SO ORDERED.**

Dated: March 20, 2019
New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**